IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:11-CV-168-BO

| | |
|---|---|
| DONALD L. MORRISON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GEORGE E.B. HOLDING, DAVID )<br>CORTES, WAYNE R. MYERS, )<br>DENNIS DUFFY, S. KATHERINE )<br>BURNETTE, GEORGE B. CURRIN, )<br>STEVEN WEST, VAUGHAN )<br>WINBORNE, JR. )<br>)<br>Defendants. )<br>_____) | O R D E R |

This matter is before the Court on three motions to dismiss filed by Defendants: Defendant Currin's Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure [DE 12], Defendants Holding, Duffy, Burnette, and West's Motion to Dismiss pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure [DE 15], and Defendant Winborne's Motion to Dismiss pursuant to Rule 12(b)(6) [DE 22]. Plaintiff, has responded, and the matters are ripe for ruling. For the reasons discussed below, each of Defendants' motions to dismiss are granted.

## BACKGROUND

Plaintiff, appearing *pro se*, filed this action on August 11, 2011, alleging "abuse of power in convicting the innocent Plaintiff" [DE 1]. Plaintiff's complaint in this civil action arises out of his earlier convictions in this Court. Plaintiff was first found guilty following jury trial of

charges of conspiracy to defraud the United States; making false statements; mail fraud; use, possession, or transfer of food stamps in an unauthorized manner; and conversion of food stamps. *United States v. Morrison*, 333 Fed. App'x 741, 742 (4th Cir. 2009). After the guilty verdict was entered, Plaintiff was conditionally released pending sentencing, but fled the jurisdiction and failed to appear for his sentencing hearing. Plaintiff was later indicted for failing to appear, and was found guilty following jury trial of such charge. Plaintiff's convictions were consolidated for sentencing. Following sentencing, Plaintiff filed a direct appeal, which included claims of prosecutorial misconduct and false allegations. The Court of Appeals found Plaintiff's claims to be without merit and affirmed Plaintiff's convictions and sentence. *Id.*

The Defendants named in this action were involved in some way with Plaintiff's criminal or related proceedings. Plaintiff's complaint alleges that his trials violated due process and that Defendants "used their legal position to help fraud the Plaintiff of a fair trial for the purpose of obtaining an illegal conviction" [DE-3]. Plaintiff seeks $2,000,000 and removal of his convicted felon status as damages.

## DISCUSSION

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647-50 (4th Cir. 1999). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). To this

end, "the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." *Id.* (citing *Trentacosta v. Frontier Pacific Aircraft Indus.*, 813 F.2d 1553, 1558-59 (9th Cir. 1987)). The movant's motion to dismiss should be granted if the material jurisdictional facts are not in dispute and the movant is entitled to prevail as a matter of law. *Id.*

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Attain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). If the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible," the "complaint must be dismissed." *Twombly*, 550 U.S. at 570. Courts should be liberal in their construction of *pro se* complaints, but they should not go beyond deciphering the meaning of words written in the complaint to attempt to discern the unexpressed intent of the Plaintiff. *Laber v. Harvey*, 438 F.3d 404, 413 (4th Cir. 2006).

Rule 12(b)(5) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for insufficient service of process. Rule 4 describes the requirements for service of process. Fed.R.Civ.P. 4. A plaintiff must either serve all defendants with process, obtain a waiver of service of process, or provide good cause for delay within 120 days of filing a complaint. Fed.R.Civ.P. 4(d) & (m). Process consists of a summons and copy of the complaint.

Fed.R.Civ.P. 4(c).

I. Motions to Dismiss by Defendants Currin and Winborne

Defendants Currin and Winborne served as Plaintiff's counsel at different stages of Plaintiff's criminal proceedings. Construing Plaintiff's complaint liberally, Plaintiff appears to lodge claims of malpractice against his former counsel. However, a federal cause of action does not necessarily arise from a legal malpractice claim if the alleged malpractice occurred in federal court. *See Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 813 (1986) (holding that "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction"); *Custer v. Sweeney*, 89 F.3d 1156, 1168 (4th Cir. 1996) (applying *Merrell Dow* to ERISA malpractice claim to find that no federal cause of action existed). The Court can find no basis for conferring federal question jurisdiction to Plaintiff's state law malpractice claims.[1] 28 U.S.C. § 1331. Additionally, Plaintiff and Defendants Currin and Winborne all appear to be residents of North Carolina, and Plaintiff has offered nothing to show that diversity jurisdiction exists; thus the Court cannot hear Plaintiff's claim against his former counsel under the diversity jurisdiction statue. 28 U.S.C. § 1332. As the Court lacks either federal question or diversity jurisdiction to hear Plaintiff's malpractice claims against Defendants Currin and Winborne, such claims must be dismissed pursuant to Rule 12(b)(1). Fed.R.Civ.P. 12(b)(1).

Additionally, even if the Court were to find a basis conferring subject matter jurisdiction

---

[1] Plaintiff repeatedly makes claims of "ineffective assistance of counsel," and cites to violations of his Sixth Amendment right. Insofar as Plaintiff is seeking to attack his conviction or sentence based on the ineffective assistance of counsel, such a claim must have been made on direct appeal or under 28 U.S.C. § 2255. Petitions under § 2255 may only be filed by persons who are in custody. 28 U.S.C. § 2255(a). Plaintiff appears no longer to be in custody, and thus his complaint could not be construed as a motion pursuant to § 2255.

4

upon Plaintiff's claims against his former counsel, Plaintiff's legal malpractice claims are barred by North Carolina's statutes of limitations and repose. Generally, an affirmative defense that a complaint is barred by a statute of limitations may not form the basis of Rule 12(b)(6) dismissal unless all of the facts necessary for the defense appear on the face of the complaint. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (2007). Notwithstanding, the Court may also consider information in the public record when reviewing a motion to dismiss pursuant to Rule 12(b)(6). *Hall v. Virginia*, 385 F.3d 421, 424 n.3 (4th Cir. 2004) (citing *Papasan*, 478 U.S. 265, 268 n.1 (1986)).

North Carolina General Statute § 1-15(c) provides that a claim for malpractice is deemed to accrue when the last act giving rise to the cause of action occurs, and that no action may be commenced more than four years from the last act giving rise to the cause of action occurs. *See also Goodman v. Holmes & McLaurin*, 192 N.C.App. 467, 473 (2008) (discussing North Carolina's three year statute of limitations and four year statute of repose for attorney malpractice claims).

Defendant Currin was permitted to withdraw as counsel for Plaintiff in November 2006 [No. 5:06-CR-92, DE 33]. Any such claim arising out of Defendant Currin's actions as counsel for Plaintiff would be barred by the four year statute of repose. Even assuming that Defendant Currin's conduct as stand-by counsel for Plaintiff would be actionable, the last date of Defendant Currin's relationship with Plaintiff was December 2007 – more than three years before Plaintiff filed the instant action and thus barred by the applicable statute of limitations [No. 5:06-CR-92, DE 124; No. 5:01-CR-276, DE 203].

Plaintiff's legal malpractice claim against Defendant Winborne is similarly barred by

5

both the applicable statute of limitations and repose. Defendant Winborne was permitted to withdraw his representation of Plaintiff on January 25, 2006, more than four years before the commencement of the instant action [No. 5:01-CR-276, DE 139]. Accordingly, Plaintiff's claims for legal malpractice against Defendants Currin and Winborne are barred by the statutes of limitations and repose and must therefore be dismissed pursuant to Rule 12(b)(6).

II. Defendants Holding, Duffy, Burnette, West's Motion to Dismiss

Defendants Holding, Duffy, Burnette, and West file a limited appearance to contest personal jurisdiction over them in this matter. Plaintiff's complaint alleges claims of prosecutorial misconduct and constitutional violations against Defendants Holding, Duffy, Burnette, and West. Each of these defendants is a current or former member of the United States Attorney's Office for the Eastern District of North Carolina. Because Plaintiff's claims the federal defendants are for money damages based on alleged unconstitutional conduct, such claims are properly construed within the scope of *Bivens*. *Bivens v. Six Unknown Names Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Any remedy in a *Bivens* action is against a federal official in his individual capacity. *Randall v. United States*, 95 F.3d 339, 345 (4th Cir. 1996). In order for the Court to exercise personal jurisdiction over Defendants Holding, Duffy, Burnette, and West, the requirements of service of process must be satisfied. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).

Rule 4(e) of the Federal Rules of Civil Procedure governs service on an individual and provides that a plaintiff may follow state laws for service of the state in which the district court is located in order to effect service. F.R.Civ.P. 4(e)(1). Under North Carolina law, a plaintiff may serve a defendant by using certified mail, return receipt requested, and may deliver the

documents to a defendant's place of employment. N.C. Gen.Stat. § 1A-1, Rule 4(j)(1)(c); *Moore v. Cox*, 341 F. Supp.2d 570, 573 (M.D.N.C. 2004). Service in the following manner is deemed complete on the day the summons and complaint are delivered, unless the defendant appears in the action to challenge service. *Moore*, 341 F. Supp.2d at 573. If a defendant appears to contest service, the plaintiff must file an affidavit that proves service on defendant has been perfected. *Id.* (citing N.C. Gen.Stat. § 1-75.10). Such an affidavit raises a rebuttable presumption that valid service has been made on the defendant. *Id.*

The summons submitted for issuance by Plaintiff indicate service on Defendants Holding, Duffy, Burnette, and West at the Federal Building, 8th Floor, 310 New Bern Avenue, Raleigh, NC. Plaintiff filed returns of service as to the above-named Defendants on September 28, 2011, with copies of certified mail return receipts that show that Sherry Gammon signed the return receipt for each of the above-named Defendants. Although Plaintiff has filed returns of service, the Court notes that Plaintiff has not filed an affidavit of service with regard to any of the named Defendants in this action as required to raise a presumption of service under N.C. Gen.Stat. § 1-75.10. Additionally, although a return receipt signed by a person other than the addressee is presumed in North Carolina to have been signed by an agent of the addressee authorized to accept service, N.C. Gen.Stat. § 1A-1, Rule 4(j2)(2), such presumption is rebuttable by "the affidavits of more than one person showing unequivocally that proper service was not made upon the person of the defendant." *Grimsley v. Nelson*, 342 N.C. 542, 545 (1996).

Defendants Holding, Duffy, Burnette, and West have each submitted affidavits[2] stating

---

[2] The Court notes that it may properly consider the affidavits submitted in support of Defendants' Rule 12(b)(5) motion without converting it to a summary judgment motion because "[c]onverting a motion to dismiss into a motion for summary judgment, of course, applies only to

7

that they have not been personally served in this matter, that they have not authorized anyone to be an agent for purposes of service of process, and that they are not aware of any Department of Justice regulation or policy that appoints or authorizes a U.S. Attorney's Office mail collection employee to serve as an authorized agent for its employees. In addition, Defendants have submitted the affidavits of Bret Lopes and Sherry Gamon which state that neither has been authorized to accept service for any employee of the U.S. Attorney's Office, that a stamp with Sherry Gammon's name has been given to the Court Security Officers so that certified mail may be received at the Terry Sanford Federal Building, and that none of the return receipts indicate that the items delivered were selected for restricted delivery. Accordingly, the Court finds that Defendants Holding, Duffy, Burnette, and West have rebutted the presumption of personal service as provided by North Carolina law and the Federal Rules of Civil Procedure.[3]

The rules regarding methods of service in order to obtain personal jurisdiction over a defendant "must be strictly enforced to insure that a defendant will receive actual notice of a claim against him." *Grimsley*, 342 N.C. at 545. The failure to obtain proper service on a defendant serves to deprive the court of personal jurisdiction over that defendant. *Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998). Because the Court finds that Plaintiff has failed to properly serve Defendants Holding, Duffy, Burnette, and West, dismissal of these defendants

---

a motion made pursuant to Rule 12(b)(6)." *Wilson-Cook Med., Inc. v. Wilson*, 942 F.2d 247, 252 (4th Cir. 1991).

[3] Rule 4(i)(4)(B) provides that "[t]he court must allow a party reasonable time to cure its failure to serve the United States under Rule 4(i)(3), *if the party has served the United States officer or employee.*" Fed.R.Civ.P. 4(i)(4)(B) (emphasis added). Because Plaintiff has failed to effect service of process on federal defendants Holding, Duffy, Burnette, and West, the Court need not permit Plaintiff additional time to cure his failure to serve the United States under this provision.

under Rule 12(b)(5) of the Federal Rules of Civil Procedure is appropriate.

## CONCLUSION

Accordingly, for the reasons discussed above, the Motions to Dismiss by Defendants Currin and Winborne are GRANTED and the Motion to Dismiss by Defendants Holding, Duffy, Burnette, and West is also GRANTED.

SO ORDERED, this __3__ day of April, 2012.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

9

Case 7:11-cv-00168-BO   Document 27   Filed 04/04/12   Page 9 of 9